UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**LISA GANG**,                                          Civil Case No. 3:14-CV-01099-KI

           Plaintiff,

                          OPINION AND ORDER

             v.

**UNITED STATES DEPARTMENT OF
ENERGY, ERNEST MONIZ,** in his capacity
as Secretary of Energy, **BONNEVILLE POWER
ADMINISTRATION, ELLIOT MAINZER,** in
his capacity as Administrator and Chief Executive
Officer of Bonneville Power Administration,

           Defendants.


      Scott P. Monfils
      William Greg Lockwood
      Hitt Hiller & Monfils LLP
      411 SW 2nd Avenue, Suite 400
      Portland, Oregon  97204

           Attorneys for Plaintiff


Page 1 - OPINION AND ORDER

S. Amanda Marshall
United States Attorney
District of Oregon
James E. Cox, Jr.
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204

      Attorneys for Defendants

KING, Judge:

The Bonneville Power Administration ("BPA") employed plaintiff Lisa Gang for many years as a GS-12 Contract Specialist.  Gang applied for four job openings within her group, all of which would have been promotions, but was selected for none of them.  Gang believes she was not selected due to age and sex discrimination, retaliation for filing EEO complaints, and whistleblowing about illegal hiring practices, waste, and inefficiencies.  She alleges claims under the Age Discrimination in Employment Act ("ADEA"), Title VII, and the federal Whistleblower Protection Act.  Before the court is Defendants'[1] Motion to Dismiss [9] some of the claims.  For the reasons below, I grant the motion in its entirety.

## FACTS

Gang applied for promotions into four positions[2]–#8242-10, #9363-11, #200248-13, and #200426-13–but was not selected for any of them.  She applied for #8242-10 in September 2010

---

[1]  The defendants are the United States Department of Energy, Ernest Moniz in his capacity as the Secretary of Energy, Bonneville Power Administration, and Elliot Mainzer in his capacity as the Administrator and Chief Executive Officer of Bonneville Power Administration.

[2]  For ease of reading, I will shorten the full name of each position.

and was notified she was not selected in December 2010.  Gang contacted an EEO Counselor in

January 2011 but did not file a complaint at that time.

Gang applied for #9363-11 in September 2011; the opening was cancelled on

September 4, 2012.

Gang contacted an EEO Counselor and filed EEO Complaint #12-0170 on November 18,

2012 concerning #8242-10 and #9363-11.  She alleged discrimination based on race, color,

national origin, sex, age, and in retaliation for prior EEO activity.

On March 12, 2013, Gang filed a second EEO Complaint, #13-0041, alleging

discrimination based on race, disability, and in retaliation for prior EEO activity.

Position #200426-13 was posted in June 2013; Gang applied and was not selected.  On an

unspecified date in 2013, Gang applied for position #200248-13 and was not selected.

Together, the two EEO Complaints contained over 100 pages of allegations and 2,000

pages of exhibits.  The Administrative Judge ("AJ") held a status conference to discuss the scope

of the consolidated Complaints, the need for an Acceptance Letter from the agency, an

investigation, and deadlines.  On August 20, 2013, the AJ issued an order commenting on Gang's

perilously close abuse of the EEO system due to the voluminous nature of her Complaints.  In the

Order, the AJ withdrew his previous requirement for Gang to amend the consolidated EEO

Complaints to more precisely state the claims because, on further review of the file, the AJ found

the agency had sufficiently summarized the claims.  Nevertheless, Gang's counsel filed a much

shorter consolidated Complaint on August 31, 2013 alleging discrimination in the selection of

positions #8242-10, #9363-11, #200248-13, and #200426-13 because Gang is a woman, she is

Korean, she took medical leave, and in retaliation for contacting the EEO office.

Page 3 - OPINION AND ORDER

## LEGAL STANDARDS

The plaintiff has the burden of proving subject matter jurisdiction if defendant challenges it in a motion to dismiss under Federal Rule of Procedure 12(b)(1).  Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008).

An argument claiming lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id.  In a factual attack, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.  Furthermore, the court is not required to presume the truthfulness of the allegations.  The party opposing the motion must furnish evidence necessary to satisfy its burden of establishing subject matter jurisdiction.  Id.  Thus, "[w]here the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary."  Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  But if the resolution of the jurisdictional question depends on factual issues going to the merits, the court must use the standard applicable to a summary judgment motion and determine if there is a genuine factual issue for trial.  Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005).

Here, the jurisdictional questions do not depend on factual issues going to the merits.  Thus, I may consider evidence and resolve factual disputes.  I will, however, consider the

doctrines of equitable estoppel and equitable tolling using the summary judgment standard and view the facts in the light most favorable to Gang.  See Rodriguez v. Airborne Express, 265 F.3d 890, 902 (9th Cir. 2001) (trier of fact must resolve disputed factual issues to determine if the plaintiff is entitled to equitably excuse his failure to exhaust his discrimination claim).

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The initial burden is on the moving party to point out the absence of any genuine dispute of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains a fact dispute to be tried.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party."  Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (internal quotation omitted).

## DISCUSSION

Gang alleges her lack of success in obtaining a promotion was due to several types of discrimination.

I.    Age Discrimination

Gang alleges a claim under the ADEA that she was not promoted because of her age.  Defendants move to dismiss the ADEA claim for failure to exhaust administrative remedies.  Although defendants point out a few different failures to exhaust various parts of the claim, one of their arguments addresses all four promotions Gang sought:  her consolidated EEO Complaint

did not mention age discrimination at all.  Instead, Gang alleged discrimination because she is a

woman, she is Korean, she took medical leave, and in retaliation for contacting the EEO office.

      Gang explains she was trying to appease the AJ by filing the consolidated EEO

Complaint and unintentionally neglected to raise age discrimination.  She argues the court should

give leeway to this type of pleading error.  Gang also contends she put the BPA on notice of the

age claim, and it had the opportunity to investigate.

      Generally for purposes other than appeal, an amended complaint completely supersedes

the original complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  I also note

Gang's former counsel filed the consolidated EEO Complaint–she did not file it pro se.  I see no

reason to veer from the general rule.  Significantly, the BPA focused its investigation on the

allegations contained in the consolidated EEO Complaint.  See Cox Decl Ex., at 1 (EEO

Officer's Notice of Acceptance and Partial Dismissal of Complaint of Discrimination).  The

Notice instructed Gang's counsel to provide a written statement if he disagreed with the

identification of the claims in the Notice.  Counsel provided a response arguing about case law

and factual errors in the Notice but did not state that the investigation should include age

discrimination.  Thus, I will rely solely on the consolidated EEO Complaint in determining this

court's jurisdiction.

      Federal court jurisdiction depends on the scope of the plaintiff's EEOC charge and

investigation.  The district court has jurisdiction over "any charges of discrimination that are like

or reasonably related to the allegations made before the EEOC, as well as charges that are within

the scope of an EEOC investigation that reasonably could be expected to grow out of the

allegations." <u>Leong v. Potter</u>, 347 F.3d 1117, 1122 (9th Cir. 2003) (internal quotation omitted). The court must construe the EEOC charge with utmost liberality. <u>Id.</u>

Here, the consolidated EEO Complaint alleged discrimination because Gang is a woman, she is Korean, she took medical leave, and in retaliation for contacting the EEO office. These allegations are not reasonably related to age discrimination. Gang does not explain how the EEOC investigation could reasonably be expected to grow into an inquiry of possible age discrimination, and I see no obvious reason it would. Consequently, I conclude this court does not have jurisdiction over the age discrimination claim, and I dismiss it with prejudice.

II.    <u>Sex Discrimination and Retaliation in #8242-10</u>

Gang alleges she was not promoted to position #8242-10 because of her sex and in retaliation for filing EEO complaints. Defendants move to dismiss the portions of the Title VII sex discrimination and retaliation claims, based on non-selection for #8242-10, for failure to exhaust administrative remedies.

Federal employees who believe they have been discriminated against must try to informally resolve the issue by initiating contact with an EEO Counselor within 45 days of the personnel action. 29 C.F.R. § 1614.105(a)(1). If counseling does not resolve the matter, the employee must file a complaint within fifteen days of receiving notice from the counselor of the right to do so. 29 C.F.R. § 1614.106(b). "Although the regulatory pre-filing exhaustion requirement . . . does not carry the full weight of statutory authority and is not a jurisdictional prerequisite for suit in federal court, we have consistently held that, absent waiver, estoppel, or equitable tolling, failure to comply with this regulation [is] . . . fatal to a federal employee's

discrimination claim in federal court." <u>Kraus v. Presidio Trust Facilities Div.</u>, 572 F.3d 1039,

1043 (9th Cir. 2009) (internal quotations omitted).

      Gang did not file a complaint for nearly two years after she learned she was not selected

for #8242-10.  She argues both equitable estoppel and equitable tolling preclude the court from

dismissing any of her claims regarding position #8242-10 for failure to exhaust administrative

remedies.  Gang contends she did not discover the reason she was not selected for position

#8242-10 until August 23, 2012.  Although she questioned the selection decision, Gang claims

Kristy Norton gave her inaccurate answers and limited information, and then threatened her.

Gang claims the BPA fostered a culture of intimidation and retaliation and had been violating

federal hiring laws extensively at the time period relevant to her claims.  Thus, she argues the

BPA denied her the opportunity to discover its wrongdoing despite her efforts.

      Gang explains that soon after learning Sanjit Kundu was selected for #8242-10, she asked

the Selecting Official, Kristy Norton, why she was not selected.  Norton explained Gang did not

interview as well, did not provide as good a presentation, and had negative feedback from others.

When Gang told Norton she might file an EEO Complaint, Norton replied, "[Y]ou better be

careful.  You don't want to burn any bridges."  Gang Decl. ¶ 7.  On August 23, 2012, Gang spoke

to two members of the hiring panel for #8242-10, Ray Byrd and Theresa Hughes, who told Gang

they had originally denied Kundu's application because he was unqualified for the job.  Gang

contacted an EEO Counselor a few days later and filed an EEO Complaint on November 18,

2012.

    A.   <u>Equitable Estoppel</u>

      Equitable estoppel focuses on the defendant's actions.

Page 8 - OPINION AND ORDER

> A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including:  (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied.

Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).

Equitable estoppel requires the defendant to take active steps "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." Id. (internal quotation omitted).

Gang relies on an October 2013 Special Inquiry Report issued by the Office of Inspector General for the U.S. Department of Energy which found the BPA's hiring practices disadvantaged veterans and other applicants, in particular by manipulating the applicant rating process.  The Report commented, "[T]here was a massive breakdown in procedures, processes and management attentiveness at several levels of Bonneville's operation."  Lockwood Decl. Ex. B, at 4.  Defendants explain the Report is unrelated to Gang's claims because the Report applies to a section of the BPA other than where Gang works, not the entire agency, and addresses hiring practices that unfairly disadvantaged veterans, which is not a claim Gang asserts.

There is no evidence Gang suffered from any of the problems discussed in the Report. Thus, I will focus on what Norton told Gang.  Norton gave Gang reasons for the hiring decision which Gang considers false and a pretext to cover up the discrimination.  Norton also cautioned Gang not to burn any bridges.

The allegedly false reasons Norton provided Gang for her non-selection cannot support equitable estoppel.

Page 9 - OPINION AND ORDER

> The Seventh Circuit rejected this attempt to apply equitable estoppel in these circumstances [in which an employer allegedly concocted a sham reorganization plan in order to fire plaintiff because of his age]. The court reasoned that to do so would merge the tolling doctrine with the substantive wrong, and would virtually eliminate the statute of limitations in age discrimination cases as it would "impl[y] that a defendant is guilty of fraudulent concealment unless it tells the plaintiff, 'We're firing you because of your age.'"

Santa Maria v. Pac. Bell, 202 F.3d 1170, 1177 (9th Cir. 2000) (quoting Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir.1990)), overruled on other grounds, Socop-Gonzalez v. INS, 272 F.3d 1176, 1194-96 (9th Cir. 2001). Norton's allegedly false reasons are less elaborate than the sham reorganization plan in Santa Maria, but both serve the purpose of allegedly covering up discrimination. As in Santa Maria, applying equitable estoppel would merge the tolling doctrine with the substantive wrong and thus is impermissible.

That leaves as the only support for equitable estoppel the warning Norton gave Gang, "[Y]ou better be careful. You don't want to burn any bridges." Gang Decl. ¶ 7. Again, the statement is insufficient.

In Johnson, the Ninth Circuit refused to apply equitable estoppel based on the plaintiff's evidence that: "(1) her supervisor told her that she would be fired if she filed a sexual harassment complaint and that, as a casual employee, she had fewer rights than a regular employee; and (2) the Zero-Tolerance policy was worded to make it sound as if EEO complaint procedures were simply 'additional' and non-mandatory." Johnson, 314 F.3d at 416. The court was concerned about the misleading wording in the policy but there was no evidence the employer had an improper purpose in using that wording. The court also reasoned there was no evidence the plaintiff missed the deadline by six months because of the supervisor's comments. Moreover, the comments did not refer to the applicability of the deadline. Id. In comparison,

Norton's comments were much less egregious–she did not misstate the law and did not explicitly threaten to fire Gang.  As in <u>Johnson</u>, Norton also did not refer to the deadline.  The comments contain no incorrect information on which Gang could reasonably rely in delaying filing a complaint.  Additionally, there is no evidence Norton had an improper purpose when making her comments to Gang.

Gang has not submitted any evidence sufficient to create a material issue of fact that Norton or the BPA did anything above and beyond the alleged wrongdoing to prevent Gang from filing her complaint in time.  Accordingly, I grant defendants' partial summary judgment motion and hold equitable estoppel does not apply.

B.   <u>Equitable Tolling</u>

The doctrine of equitable tolling has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period.  It focuses on whether there was excusable delay by the plaintiff:  If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.

<u>Johnson</u>, 314 F.3d at 414 (internal quotations omitted).

Defendants argue Gang had sufficient information to be on notice of a possible claim after meeting with Norton twice to seek information about the selection and then consulting with the EEO Counselor.

I agree with defendants.  There is no evidence Gang did not have notice of the filing period for the complaint after consulting with the EEO Counselor.  She also had suspicions about possible discrimination which were serious enough to send her to Norton twice and then to the EEO Counselor.  Gang has not submitted any evidence sufficient to create a material issue of fact

Page 11 - OPINION AND ORDER

that a reasonable plaintiff with Gang's knowledge of the situation would not have known of the existence of a possible claim within the limitations period. Accordingly, I grant defendants' partial summary judgment motion and hold equitable tolling does not apply.

      C.    <u>Summary</u>

Because neither equitable estoppel nor equitable tolling apply, Gang has failed to exhaust administrative remedies. I grant partial summary judgment and dismiss the portions of the Title VII sex discrimination and retaliation claims based on non-selection for #8242-10.

III.    <u>Whistleblowing</u>

Gang alleges she was not promoted because of her complaints to superiors about illegal hiring practices, waste, and inefficiencies. Defendants move to dismiss the Whistleblower Protection Act claim for lack of subject matter jurisdiction. They contend Gang's claim does not fall into the mixed case exception which would have allowed her to file the whistleblower claim with the EEOC, thus giving this court jurisdiction, rather than with the Merit System Protection Board ("MSPB"). Defendants note Gang is actually following the standard administrative process in parallel with the case proceeding before me, through the Office of Special Counsel ("OSC") and the MSPB, with appeal rights to the Federal Circuit Court of Appeals.

Gang contends her discrimination and retaliation claims are closely tied to the whistleblower claim because they all revolve around the BPA's illegal personnel practices which affected her ability to advance. But Gang acknowledges that, at the time she filed the Complaint, the adverse actions did not fall into the categories enumerated by 5 U.S.C. § 7512, thus depriving this court of jurisdiction. Since then, she has filed for disability retirement and may ultimately have a claim for constructive discharge, which would give this court jurisdiction.

The Whistleblower Protection Act ("WPA") prohibits adverse personnel actions, including a failure to promote as Gang alleges, against federal government employees in retaliation for whistleblowing concerning a violation of law, gross mismanagement, a gross waste of funds, or an abuse of authority. 5 U.S.C. §§ 2302(b)(8), 2302(a)(2)(A)(ii). The employee may seek corrective action from the OSC and, if still unsatisfied, with the MSPB. 5 U.S.C. §§ 1214(a)(3), 1221(a). The employee can bypass the OSC and proceed directly to the MSPB for more serious adverse personnel actions, which are limited by statute to a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, and a furlough. 5 U.S.C. §§ 7702(a), 7512.

A federal employee who alleges a "mixed case" alleges that one of the more serious adverse personnel actions was motivated by discrimination. 5 U.S.C. § 7702(a)(1), 29 C.F.R. § 1614.302(a)(1). A federal employee may file a mixed case with the EEOC or with the MSPB. 29 C.F.R. § 1614.302(b). If the employee elects to proceed through the EEOC, he may appeal the EEOC decision directly to a district court. 29 C.F.R. § 1614.302(d).

Here, Gang's allegations concern a failure to promote, which is not one of the more serious adverse personnel actions falling under the mixed case exception. Thus, this court does not have subject matter jurisdiction over her WPA claim. See, e.g. Greenhouse v. Geren, 574 F. Supp. 2d 57, 67 (D.D.C. 2008) ("Accordingly, even though Plaintiff has discrimination claims and WPA claims, she does not have an action appealable to the MSPB on which the Court can base its jurisdiction. The action affecting Plaintiff (performance based removal) cannot be appealed to the MSPB and therefore there is no 'mixed case.'"). The fact that Gang might eventually have a constructive discharge claim, one of the serious adverse personnel actions

giving this court jurisdiction under the mixed case exception, does not save her WPA claim now.

Consequently, I dismiss the WPA claim without prejudice for lack of subject matter jurisdiction.

**CONCLUSION**

Defendants' Motion to Dismiss [9] is granted. I dismiss with prejudice the ADEA claim for all non-selections and the Title VII sex discrimination and retaliation claims based on non-selection for #8242-10. I dismiss without prejudice the Whistleblower Protection Act claim. Gang may proceed with her Title VII sex discrimination and retaliation claims based on non-selection for #9363-11, #200248-13, and #200426-13.

IT IS SO ORDERED.

Dated this _____17th_____ day of December, 2014.

_____/s/ Garr M. King_____
Garr M. King
United States District Judge